UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

RONALD CHARLES VROOMAN,   3:16-cv-2187-AC

        Plaintiff,   ORDER

v.

BEAVERTON MUNICIPAL COURT,

        Defendant.

ACOSTA, Magistrate Judge:

This order addresses pro se plaintiff Ronald Vrooman's ("Vrooman") December 11, 2016, docketed in this case on December 14, 2016, as ECF No. 8. For the reasons explained below, ECF No. 8 is entered in this case and Vrooman's request that the court enter ECF No. 8 as a separate case is DENIED, without prejudice to Vrooman's ability to file a second, separate case should he wish to do so.

\\\\\

\\\\\

\\\\\

Page 1 - ORDER

*Background*

I.      The Present Lawsuit.

Plaintiff Ronald Vrooman filed pro se a document in this court on November 16, 2016, in which he identifies himself as "Plaintiff" and names as defendants "Beaverton Municipal Court, city [sic] of Beaverton, Washington County, state [sic] of Oregon et. [sic] al. using docket number: UC 7945181 of MUNICIPAL COURT BEAVERTON". The initiating document's text reads:

> Counter Claim against all charges brought by Beaverton, Washington County and Oregon against Ronald Charles Vrooman a private domain American National in a Private Membership Association as guaranteed by 1st Amendment, 14th Amendment and USC title IV Rule 17 (b) (3) (A)
>
> By ORS my work does not need to meet attorney standards. I am private in propria persona sui juris and I only do lawful not legal.
>
> This must be dismissed now and forever or it is moved to the Federal District courthouse 740 Portland, Oregon for lack of jurisdiction.

(ECF No. 1-1, at 1-2.) Vrooman's signature appears immediately below this text, in red ink. Below his signature are his name, handwritten as "Ronald C Vrooman;" the date of October 31, 2016, written as "10/31/2016;" and what appears to be a thumb print, in red ink. Below all of this appear two "Received" stamps: one dated October 31, 2016, by the "City Attorney's Office," and a second dated October 31, 2016, by "Beaverton Municipal."

The court entered this document as a "Complaint" (ECF No. 1). Vrooman did not accompany the document with a Civil Action Cover Sheet, however, as required by United States District Court Local Rule ("LR") 3-4, "Initial Filing Requirements," subsection ©, "Civil Cover Sheet." Vrooman also did not accompany his complaint with the required filing fee: LR

Page 2 - ORDER

3-4(a), "Advance Payment Required," directs that the filing party "must pay all required fees or file an *in forma pauperis* application for waiver of fees pursuant to 28 U.S.C. § 1915(a)."

Because Vrooman filed his complaint without paying the required filing fee or an application to proceed *in forma pauperis* ("IFP"), on November 18, 2016, the court ordered Vrooman to submit within thirty (30) days either the required filing fee or submit an application to proceed IFP. (ECF No. 4.) Nine days later, on November 29, 2016, the court received three more documents from Vrooman (ECF Nos. 5, 6, and 7), none of which was a filing fee or an application to proceed IFP, and each of which the court entered as a "letter." Each of the three documents contained the same plaintiff and defendant parties as Vrooman's complaint and Vrooman had dated each document, though the date in each of the three documents was different: ECF No. 5 is dated "11/14/16," ECF No. 6 is dated "11/22/16," and ECF No. 7 is dated "11/28/2016." None of the three documents Vrooman filed on November 29 were accompanied by a Civil Action Cover Sheet, a filing fee, or an application to proceed IFP.

ECF No. 5 is accompanied by an attachment, identified in the case docket as ECF No. 5-1, which appears to be a copy of the first page of Vrooman's as-filed complaint (ECF No. 1); "as-filed" evidenced by the case number stamped on a complaint by the Clerk's Office upon intake. Above the stamped case number on ECF No. 5-1 appears this handwritten notation in purple ink: "Correct this numbering error!" A purple-ink line is drawn through the stamped case number.

\\\\\

\\\\\

Page 3 - ORDER

ECF No. 6 contains six numbered paragraphs in which Vrooman poses questions, make conclusory statements, purports to impose conditions on the court, and offers clarifications. Numbered paragraph 1 reads in its entirety:

> 1.  There were two cases filed and one case number assigned. [There] is mutilation of my documents. Please correct this error. The case I am communicating about is the one with the counter claim attached. That is one simple issue, apart from all the rest of the issues, counter claim for jurisdiction due to a private membership association. Therefore, this is case identified by 02187 or 2187 of your documents. Please correct your documents to one number among the other identifiers and assign another number to the other case.

(ECF No. 6, at 1.) Thus, in this paragraph Vrooman asserts he has filed two separate cases in this court, that the court has assigned the same number to them, and that the court should "correct" the record to assign a second case number "to the other case."

On December 14, 2016, Vrooman filed a document bearing the same format as his previous filings, and which the court entered as a "letter." (ECF No. 8) The letter is a single page, which Vrooman has signed at the bottom and handwritten his name, written the date "12/11/2016," and affixed what appears to be his thumb print. This document, however, adds "veteran" to Vrooman's identity as plaintiff and changes the description of the defendants in the case to read:

> USPS [97005] Beaverton, Oregon et al. as there is no determination as to the corporate governance it is a part of, at this time. US inc, USA Inc, united States Inc. they're all connected and included.

(ECF No. 8, at 1.) The letter was not accompanied by a filing fee, an IFP application, or a Civil Action Cover Sheet.

Because Vrooman still had not submitted either the filing fee or an IFP application, on December 21, 2016, the court entered an order requiring Vrooman to appear in court on January 10, 2017, to "show cause why this case should not be dismissed" due to those failures. (ECF No. 9.)  The order also requires Vrooman to submit a written statement by January 3, 2017, "setting forth the status of the action" and describing the good cause to either dismiss or continue the action.  The order informs Vrooman that failure to show good cause "will result in dismissal of this case without prejudice."

II.    Vrooman's Other Lawsuits.

The present case is not Vrooman's first experience with filing lawsuits in this court or with the rules for filing lawsuits.  Vrooman filed two other lawsuits in 2016 before he filed the present case, the first of which he filed on May 3, 2016.  *See Vrooman, et al. v. Armstrong*, Case No. 3:16-cv-770-YY.  Vrooman did not pay the filing fee or file an IFP application in that case, and on May 9, 2016, the court ordered him to do so.  *Id.* at ECF No. 3.  The case docket shows that Vrooman paid the filing fee on May 23, 2016.[1]  Vrooman also used the process outlined in LR 5-1© for applying for CM/ECF access as a self-represented party.  *Id.* at ECF No. 9.  The court dismissed Vrooman's complaint in the case because Vrooman failed to properly plead his standing to bring that lawsuit.  *Id.* at ECF No. 14 (June 8, 2016 Findings and Recommendation) and ECF No. 27 (order adopting Findings and Recommendation).

\\\\\

---

[1] Vrooman later confirmed he paid the fee by "US Postal Money Order".  *Id.* at ECF No. 8, at 1.

Page 5 - ORDER

Vrooman filed his second lawsuit in this district on June 20, 2016. *See Vrooman, et al. v. Armstrong*, 3:16-cv-1109-yy. This time he accompanied his complaint with the required filing fee. *Id.* at ECF No. 1. On July 25, 2016, the court entered Findings and Recommendations in which it recommended dismissal of Vrooman's complaint for lack of jurisdiction and for failure to state a claim for relief. *Id.* at ECF Nos. 5 and 14. The district judge adopted the Findings and Recommendation, and dismissed Vrooman's complaint, with prejudice. *Id.* at ECF Nos. 9 and 17.[2]

*Standards*

The court holds a pro se plaintiff's pleadings to a less strict standard than those drafted by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Specifically, the court construes the pleadings liberally and give the pro se plaintiff the benefit of any doubt. *Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). Though liberally construed, complaints still must meet the *Iqbal* plausibility standard. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). If a court dismisses a pro se complaint, it should "grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). The court must provide a pro se plaintiff "notice of the deficiencies of his or her complaint and an

---

[2] The Findings and Recommendation (ECF No. 5) adopted by the district judge also rejected Vrooman's argument that the magistrate judge assigned to the case had no authority to preside over or to make rulings in the case. *Id.* at ECF No. 5, p. 2. Vrooman subsequently filed an amended complaint, which the court also dismissed. Thus, two pairs of numbers are used to identify the Findings and Recommendation and the district judge's order.

opportunity to amend the complaint" before dismissing a complaint without leave to amend. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Although the court construes pleadings liberally in their favor, "*pro se* litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), *citing King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). This includes a district's court's local rules; a pro se litigant's failure to follow a district court's local rules is a proper ground for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995), *citing United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). *See also United States v. Yepiz, et al.*, — F.3d —, 2016 WL 7367827, at *6 (9th Cir. 2016) (pro se litigant is responsible for complying with district court's local rules where court notifies pro se litigant of the local rules which must be followed).

Pro se litigants are not afforded special treatment, however. "First and foremost is that pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). Thus, although the court must make some allowances for pro se litigant's unfamiliarity with and lack of knowledge about the rules of procedure, "it is not for the trial court to inject itself into the adversary process on behalf of one class of litigant." *Id.* at 1365.

*Discussion*

Vrooman's attempt to file a second, separate lawsuit does not comply with the Federal Rules of Civil Procedure or with this court's Local Rules. First, Vrooman does not clearly identify which document in the record is intended to be his new complaint and the court is not

required to guess at Vrooman's intent. Furthermore, because no document Vrooman has filed in this case is accompanied by a Civil Action Cover Sheet, as required by LR 3-4©, there is no such document the court can use to identify the new complaint.

Second, no document filed in this case has been accompanied by either a filing fee or an IFP application, required by LR 3-4(a). Thus, the court cannot identify the new complaint by reference to those documents. On this point the court notes that Vrooman knows of the filing fee requirement, as he submitted filing fees in his two previous cases.

Third, no document in this case complies with the formatting requirements set out in LR 10, which specifies the form of pleadings filed in all cases in this court. One requirement specified in LR 10 is that each pleading filed must include the document's title. LR 10-2(g). No document in the record bears the title "complaint."

Fourth, if Vrooman intends ECF No. 8 to be the complaint in his new case, it does not comply with Federal Rule of Civil Procedure 8(a), which requires "(1) a short and plain statement of the grounds for the court's jurisdiction[;] (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]"

Fifth and finally, the court is not required to assist Vrooman in filing lawsuits. Vrooman's pro se status does not entitle him to special assistance from the court to correct his filing mistakes or to remedy the consequences of his failure to follow the local rules. If Vrooman wishes a document in this case to be filed as a new case, then Vrooman, not the court, must do so, and he must do so in accordance with the rules, as is required of any other person or entity wishing to initiate a lawsuit.

Accordingly, the court denies Vrooman's request that the court file a second, separate lawsuit for him. If Vrooman wishes to file a second lawsuit, he must do so himself and must comply with the filing requirements that apply to all parties. As the records in Vrooman's two previous cases establish, Vrooman is aware of these requirements and of the local rules in which these requirements appear.[3]

IT IS SO ORDERED.

DATED this 30th day of December, 2016.

JOHN V. ACOSTA
United States Magistrate Judge

---

[3] The court notes that if Vrooman chooses to file a second lawsuit, his complaint should comply with the Federal Rules of Civil Procedure and this district's local rules, in regard to the complaint's format and content.

Page 9 - ORDER